XAVIER BECERRA
Attorney General of California
JEFFREY R. VINCENT
Supervising Deputy Attorney General
WILFRED FONG
Deputy Attorney General
State Bar No. 154303
1515 Clay Street, 20th Floor
P.O. Box 70550
Oakland, CA  94612-0550
 Telephone:  (510) 879-0189
 Facsimile:  (510) 622-2270
 E-mail: Wil.Fong@doj.ca.gov
*Attorneys for Defendant State of California, named herein as*
*State of California Department of Justice (Bureau of Firearms-Division of Law Enforcement)*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ELENE CHUNG,**<br><br>                                    Plaintiff,<br><br>              v.<br><br>**STATE OF CALIFORNIA DEPARTMENT OF JUSTICE (BUREAU OF FIREARMS-DIVISION OF LAW ENFORCEMENT, et. al.,**<br><br>                                    Defendant. | Case No. _____<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(a)**<br><br>**(FEDERAL QUESTION)**<br><br>Action Filed:  June 9, 2020<br><br>[Removed from the Superior Court of California, County of Sonoma, Case No. SCV-266488] |

**TO THE CLERK OF THE COURT:**

   **PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant

State of California, named herein as State of California Department of Justice (Bureau of

Firearms-Division of Law Enforcement), hereby removes this action from the Superior Court of

California, County of Sonoma, to the United States District Court for the Northern District of

California.

**THE REMOVED ACTION**

1.     On June 9, 2020, the removed civil action titled *Elene Chung v. State of California Department of Justice (Bureau of Firearms-Division of Law Enforcement) and DOES 1 through 25, inclusive,* Case No. SCV-266488, was commenced in the Superior Court of California, County of Sonoma.  A copy of the Summons and Complaint is attached hereto as Exhibit A.

2.     The Complaint alleges that on June 4, 2019, law enforcement agents with the California Department of Justice, Bureau of Firearms, conducted a "probation search for weapons" at plaintiff's home.  Despite plaintiff's protest that she had no restrictions on possessing a weapon, the agents located and retrieved a firearm (identified to the agents by plaintiff).  The agents then unconstitutionally arrested plaintiff and used unreasonable force against her.

3.     The Complaint asserts a cause of action under 42 U.S.C. section 1983 for "Federal Constitutional Rights Violations [U.S. Constitution & Civil Rights Act of 1871]" (Sixth Cause of Action).  (Compl., pgs. 11-16.)  The Complaint also asserts California state-law causes of action for Negligence, Negligent Training & Supervision, False Imprisonment, Battery, and State Constitutional Rights (First through Fifth Causes of Action).  (Compl. pgs. 4-11.)

**REMOVAL IS TIMELY**

3.     Service of the summons and operative Complaint on Defendant State of California was effectuated on October 8, 2020, by electronic delivery.  This Notice of Removal is timely under 28 U.S.C. § 1446(b)(1).

**GROUNDS FOR REMOVAL: FEDERAL QUESTION JURISDICTION**

4.     This Court has original jurisdiction over this action because it arises under the United States Constitution and laws of the United States.  28 U.S.C. § 1331.  The Complaint asserts a cause of action for violation of civil rights under the United States Constitution, brought under 42 U.S.C. § 1983, and seeks redress under the Constitution and the laws of the United States.  Removal, therefore, is permitted under 28 U.S.C. § 1441(a) based on federal question jurisdiction.

5.     This Court has supplemental jurisdiction over Plaintiff's state-law causes of action, because they are "so related to claims in the action" over which the Court has original jurisdiction "that they form part of the same case or controversy."  28 U.S.C. § 1367(a).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**VENUE AND INTRA-DISTRICT ASSIGNMENT**

6.      Venue is proper in the Northern District of California, because it is the district embracing the Superior Court of California, County of Sonoma, in which the removed action is pending.  28 U.S.C. § 1441(a).  Intra-district assignment is proper in the San Francisco Division or Oakland Division.  *See* Civil L.R. 3-2(d).

**UNSERVED DEFENDANTS**

7.      Unserved or defectively served defendants are not required to join in or consent to the removal of the action under 28 U.S.C. § 1446(b)(2)(A).  *See Destfino v. Reiswig*, 630 F.3d 952, 957 (9th Cir. 2011).

8.      All defendants who have been served in this action at the time of the filing of this Notice join in and consent to the removal of this action to Federal Court.  Currently, there are no unserved or defectively served defendants in this action.

**PAPERS FROM REMOVED ACTION**

9.      In accordance with 28 U.S.C. § 1446(a), copies of "all process, pleadings, and orders served upon" Defendant State of California in the removed action are attached hereto as Exhibit A.

10.     Copies of all pleadings served in this action by Defendant State of California are attached hereto as Exhibit B.

**NOTICE TO ADVERSE PARTIES AND STATE COURT**

10.     In accordance with 28 U.S.C. § 1446(d), Defendant will promptly provide written notice of removal to all adverse parties and will promptly file a copy of this Notice of Removal with the Clerk of the Superior Court of California, County of Sonoma.

1    Dated:  November 3, 2020            Respectfully Submitted,

2                                         XAVIER BECERRA
                                        Attorney General of California

3                                         JEFFREY R. VINCENT
                                        Supervising Deputy Attorney General

4

5

6                                        _/s/Wil Fong_
                                       WIL FONG

7                                        Deputy Attorney General
                                       _Attorneys for Defendant State of California_

8

9    OK2020900401
     91304278.docx

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

# EXHIBIT A

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>RICHARD W. FREEMAN JR. (SBN 50533)<br>Law Offices of Richard Freeman<br>703 Second Street, Suite 350<br>Santa Rosa, CA 95404<br>  TELEPHONE NO.: (707) 757-8206    FAX NO.: (707) 921-7329<br>ATTORNEY FOR *(Name)*: Plaintiff ELENE CHUNG | FOR COURT USE ONLY<br><br>**ELECTRONICALLY FILED**<br>**Superior Court of California**<br>**County of Sonoma**<br>**6/9/2020 3:03 PM**<br>**Arlene D. Junior, Clerk of the Court**<br>**By: Cyndi Nguyen, Deputy Clerk** |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SONOMA
  STREET ADDRESS: 600 Administration Drive     Room 107 J
  MAILING ADDRESS:
  CITY AND ZIP CODE: Santa Rosa, CA 95404
  BRANCH NAME:

CASE NAME:
ELENE CHUNG v. STATE OF CA; DOES 1-25

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER:<br>SCV-266488 |
|---|---|---|
| [✓] Unlimited  [ ] Limited<br>(Amount        (Amount<br>demanded      demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter   [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation**<br>**(Cal. Rules of Court, rules 3.400–3.403)** |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property**<br>**Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the<br>above listed provisionally complex case |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse<br>condemnation (14) | types (41) |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [✓] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition *(not specified above)* (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is  [✓] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties     d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel     e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve        in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence      f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a.[✓] monetary  b.[ ] nonmonetary; declaratory or injunctive relief  c.[✓] punitive
4. Number of causes of action *(specify)*:  6
5. This case [ ] is  [✓] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: June 9, 2020
Richard Freeman
_____          ▶ _____
(TYPE OR PRINT NAME)                (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

**CIVIL CASE COVER SHEET**

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

ELECTRONICALLY FILED
Superior Court of California
County of Sonoma
6/9/2020 3:03 PM
Arlene D. Junior, Clerk of the Court
By: Cyndi Nguyen, Deputy Clerk

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

STATE OF CALIFORNIA (Department of Justice - Bureau of Firearms); DOES 1-25

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ELENE CHUNG

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: SONOMA COUNTY SUPERIOR<br>*(El nombre y dirección de la corte es):* | CASE NUMBER:<br>*(Número del Caso)* SCV-266488 |

600 Administration Drive, Room 107 J
Santa Rosa, CA 95403

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Richard Freeman, 703 2nd St. Suite 350, Santa Rosa, CA 95404; (707) 757-8206

| | | | | |
|---|---|---|---|---|
| DATE:<br>*(Fecha)* | 6/9/2020 3:03 PM | ARLENE D. JUNIOR | Clerk, by<br>*(Secretario)* Cyndi Nguyen | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

    under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)

    ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA

Page 1 of 1

**SUMMONS**

1   RICHARD W. FREEMAN, JR., SBN: 50533
    The Law Offices of Richard Freeman
2   703 Second Street  Suite 350
    Santa Rosa, California 95404
3   Telephone: (707) 757-8206
    Facsimile: (707) 921-7329
4   rfreemanattorney@sonic.net

5   Attorneys for Plaintiff ELENE CHUNG

**ELECTRONICALLY FILED**
**Superior Court of California**
**County of Sonoma**
**6/9/2020 3:03 PM**
**Arlene D. Junior, Clerk of the Court**
**By: Cyndi Nguyen, Deputy Clerk**

6

7

8               SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA

9

10                                              CASE NO.:   SCV-266488
    ELENE CHUNG
11                                              **COMPLAINT FOR NEGLIGENCE;**
                                                **NEGLIGENT TRAINING &**
12         Plaintiff,                           **SUPERVISION;  BATTERY; FALSE**
                                                **IMPRISONMENT; VIOLATION OF**
13   v.                                         **STATE & FEDERAL CONSITTUIONAL**
                                                **RIGHTS**
14
    STATE OF CALIFORNIA DEPARTMENT OF
15   JUSTICE (BUREAU OF FIREARMS -
    DIVISION OF LAW ENFORCEMENT) and
16   DOES 1 through 25, inclusive,

17         Defendants,

18

19       Plaintiff ELENE CHUNG hereby complains and alleges as follows:

20

21                          **INTRODUCTION**
                    **Applicable to All Causes of Action**

22       A.      On Tuesday, June 4, 2019, at about 2 o'clock pm, Plaintiff ELENE CHUNG, a

23   practicing California Attorney, who was also licensed and working in Acupuncture, was at her

24   home in Petaluma, within the County of Sonoma, State of California.  Her doorbell rang and on

25   answering found five uniformed and armed police officers on her front porch.  When Plaintiff

26   identified herself by name she learned that the officers were there for a "probation search for

27   weapons" instigated by the California Bureau of Firearms of the Law Enforcement Division of the

28   Department of Justice.  Although Plaintiff advised that there were no limitations on her possession

                                        - 1 -

of weapons, the officers had a court-type order and her driver's license photo and insisted on detaining her and searching her home. Plaintiff was then asked if she had and firearm and when she indicated that she did and told the officers where it was, Officers went to retrieve it while other officers restrained her and her dog.

B.     The Officers brought a police canine into the home and conducted a thorough search of the home while Plaintiff was restrained. After a small lawful handgun was found upstairs in the bedroom (as Plaintiff had identified) she was formally arrested, marched to the patrol vehicles in front of her home (to the astonishment of her friends and neighbors), and transported to the Sonoma County Jail, notwithstanding her please of innocence and requests that the records be verified to show that she was correct. In departing her residence, Plaintiff notified her roommate of the arrest and search and contacted her acupuncture office to cancel her afternoon appointments.

C.     At the Jail, Plaintiff was formally booked and held for an extended period in the immediate presence of violent and dangerous arrestees and then waited five hours before being admitted to bail. In the course of that time, Plaintiff's initial fright and anxiety was exacerbated and Plaintiff sustained emotional distress, in part because the officers had refused to listen to determine that she was not prohibited from having a firearm in her home.

D.     Plaintiff was required to arrange for a bail bond to be released from Jail, hired an attorney to handle any potential charges that resulted, and then had to endure an extended wait to see if any actual charges would result from the search, seizure, and arrest. Plaintiff also suffered from anxiety about any impact that the arrest would have on her two professional licenses (with the State Bar of California and the California Acupuncture Board).

E.     No charges were ever filed as the officers had been wrong in the beliefs that Plaintiff was prohibited from having a gun. Although true and accurate records were immediately available on-line and at the Jail, Defendants failed to verify Plaintiff's status or any conditions of her probation for a driving offense. Defendants actions were part of an organized procedure and yet Defendants failed to obtain or update information on which they relied for their unlawful and unconstitutional intrusions and invasions of Plaintiff's privacy and the sanctity of her home. Any

- 2 -

reasonable efforts of Defendants would have prevented this entire episode.

F.     Because of the unlawful and unconstitutional acts of Defendants, Plaintiff was injured and harmed, physically and emotionally.  She incurred economic damage in addition to the stress, anxiety, and emotional upset she suffered.  The officers were wrong in their approach of Plaintiff's home for a weapons search and in their search, detention, and arrest of her for possession of weapons and probation violation charges.

G.     The actions of Defendants were malicious, intentional, and deliberate justifying an award of punitive and exemplary damages.

## THE PARTIES

1.     Plaintiff ELENE CHUNG  (hereafter "Plaintiff" or "ELENE CHUNG") is an individual residing in Petaluma, within the County of Sonoma, State of California.  At all relevant times herein, Plaintiff was an Attorney admitted to the California Bar and was also licensed in Acupuncture with an independent and active ongoing practice.

2.     At all times mentioned herein, Defendant Bureau of Firearms was a Division of Law Enforcement within the Department of Justice of the State of California, a State Agency and governmental entity.

3.     At all relevant times herein the true names and capacities of the individual Defendants named herein as DOES 1 through 25, inclusive ("DOES (s)"), are individuals otherwise unknown to Plaintiff who therefore sues such Defendants by fictitious names. Plaintiffs are informed and believe and on that basis allege that each defendant sued as a Doe was a peace officer within the State of California and was in some manner responsible for the events and happenings referred to herein, and caused injuries and damages proximately thereby to as hereinafter alleged. Plaintiff will seek leave to amend this Complaint to show such true names and capacities of the Defendants designated herein as when the same have been ascertained.

4.     Except as specifically described herein, Defendant Does, and each of them, are the agents, servants, and/or employees of each of the other Defendants, and in acting as described herein, were acting within the scope of their authority or employment as agents and/or employees

- 3 -

COMPLAINT FOR NEGLIGENCE; NEGLIGENT TRAINING & SUPERVISION;  BATTERY; FALSE IMPRISONMENT; VIOLATION OF STATE & FEDERAL CONSTITUIONAL RIGHTS

1

thereof, and with the permission and consent of the other Defendants.  Additionally,  all

2

Defendants, including  DOES I through 25 conspired with each other to accomplish the various

3

unlawful acts described herein. Accordingly, each of these Defendants is jointly and severally liable

4

for the acts of each of the other named Cross-Defendants.

5

**JURISDICTION & VENUE**

6

**5.**     This Court has subject matter jurisdiction over the California land Federal law-based

7

causes of action asserted in this Complaint, brought in part under 42 U.S.C. § 1983 to be free of

8

unreasonable seizures under the Fourth and Fourteenth Amendments to the United States

9

Constitution. This Court has subject matter jurisdiction as well over the state-law based claims of

10

Plaintiff.

11

6.     This Court has personal jurisdiction over has personal jurisdiction over each

12

Defendant named in this First Amended Federal Complaint because each Defendant is an individual

13

or legal entity who is domiciled in California.

14

7.     The relief sought is within the jurisdictional limits of this Court.

15

8.     Venue is proper in this Court in that all of the Defendants are residents of the State

16

where this Court is located, and because one or more of the Defendants reside in this Court's

17

judicial district  The acts underlying this Complaint all occurred within the venue of this Court.

18

9.     Plaintiff has complied with all claim filing requirements by submitting a timely

19

government claim to the State of California Department of Justice and has timely filed this suit,

20

within the applicable time period, particularly in light of the extension of filing requirements

21

ordered by the Judicial Council of the State of California following the Pandemic Covid 19 (Corona

22

Virus), after formal written rejection of the claim on December 9, 2019.  All causes of action set

23

forth in this Complaint arise out of the same nexus of operative facts identified in the tort claim

24

and/or giving rise to it, and are either expressly identified in the claim or reasonably and logically

25

implied therein and derived therefrom.

26

**FIRST CAUSE OF ACTION**
**NEGLIGENCE**
**(Against All Defendants)**

27

28

- 4 -

COMPLAINT FOR NEGLIGENCE; NEGLIGENT TRAINING & SUPERVISION;  BATTERY; FALSE IMPRISONMENT;
VIOLATION OF STATE & FEDERAL CONSITTUIONAL RIGHTS

10.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.

11.     Defendants, and each of them owed a duty to Plaintiff consistent with California Civil Code § 1714, as modified or superseded by Title 1, Division 3.6 of the California Government Code and related statutory and case law, and the common law of the State of California, to conduct themselves in a manner utilizing ordinary care and thereby avoiding causing harm to others, including Plaintiff.

12.     Defendants' duty was not merely defined by California Civil Code § 1714, the Government Code, and the common law of California, but by other legal principles as well, including but not limited to the common law standards prohibiting false arrest and imprisonment and battery, Article I, Sections 1, 7, 13, 15, and 17 of the California Constitution, the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States, and the Defendant's policies with regard to routine and organized searches for prohibited weapons by criminal defendants and probationers.

13.     As further described herein, Defendants, including supervisory personnel, deployed a raiding party, of unfirmed and armed peace officers to identified and targeted private residences, including that of Plaintiff, in order to conduct warrantless searches for prohibited weapons. Although Defendants' actions were part of an organized campaign of activity aided by Court records and documents, in the search of Plaintiff's residence, Defendants failed to ascertain and properly verify that she was subject to such a search or was prohibited from possession of firearms. Since the very purpose for the very intrusive and otherwise constitutionally impermissible searches was the location of prohibited weapons, Defendants owed all, including Plaintiff a duty of care to be certain that the search and any seizure or arrest was justified and correct.

14.     As set forth above, Plaintiff was not a person prohibited from possession of weapons, and since the only reason for the presence of Defendants at Plaintiff's house was to search for such prohibited weapons, Defendants' entry and subsequent detention, seizure, and arrest of Plaintiff was unlawful, illegal and unjustified.

15.     Despite the existence of the aforementioned duty of ordinary care, Defendants

- 5 -

breached said duty on June 4, 2019 is that, among other ways, in the form of: (1) Defendants'
unreasonable reliance on outdated and inaccurate records; (2) Defendants' decision to stage a raid
of Plaintiff's residence despite failing to verify her current status through appropriate and available
records; (3) Defendants' failure to obtain a warrant to enter and search the residence; and (4)
Defendants unwarranted decision to seize and arrest Plaintiff without verifying available
information, particularly when Plaintiff protested and attempted to correct the incorrect information

16.    As a direct, actual and proximate result of the breach by Defendants of their duty to
Plaintiff, Plaintiff suffered injuries of a physical nature, incurred out-of-pocket expenses, and
suffered emotional distress, conscious pain and mental anguish.

17.    Because Defendants were acting in the course of their employment with Defendant
State of California, the State is responsible, or vicariously liable, for the consequences of the breach
by Defendants of the aforesaid duties.

18.    In consequence of the injuries suffered by Plaintiff, she is entitled to recovery of
damages in an amount to be proven at trial, including reasonable attorney fees.

## SECOND CAUSE OF ACTION
## NEGLIGENT TRAINING & SUPERVISION
### By Plaintiff Against Some or All of the Defendants

19.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs of this
First Amended Federal Complaint as though fully set forth in the pleading of this Second Cause
of Action.

20.    The agents and employees of the Defendant California Department of Justice Bureau of
Firearms charged with training and supervising members of the enforcement group conducting routine
weapons searches owe a duty to the community, or general public, including the Plaintiff, consistent
with *California Civil Code* § 1714, as modified by Title 1, Division 3.6 of the *California Government
Code* and related statutory and case law, and other principles and laws of the State of California, to
conduct themselves in a manner utilizing ordinary care and thereby avoiding causing harm to members
of the community or general public.

21.    Despite the existence of the aforementioned duty of ordinary care, the aforementioned

- 6 -

agents and employees of the State's Department of Justice, who include some or all of the Does Defendants breached said duty by failing to exercise ordinary care in the training and supervision of its employees in the execution of the routine search program. As a result, a breach of the duty of ordinary care occurred, among other ways, in the context of the training and supervision of Defendants regarding policies and procedures for searches in the course of these police operations, and in permitting Defendants and other police officers to conduct a raid on the home of Plaintiff without probable cause and without a warrant, and in permitting them to take part in and contribute to the unwarranted criminal arrest and attempted prosecution of Plaintiff.

22.     In their failure to properly train and supervise Defendants, Defendant Supervisors were deliberately indifferent to reasonable and appropriate standards governing the work of Defendant police officers and to the harm to the community, including Plaintiff, that their failure could foreseeably and actually did give rise to.

23.     As a direct, actual and proximate result of the breach by Defendants of their duty to Plaintiff, Plaintiff suffered injuries of a physical nature, incurred out-of-pocket expenses, and suffered emotional distress, conscious pain and mental anguish.

24.     Because some or all of the Defendant Does were acting in the course of their employment with Defendant State of California Department of Justice when they breached the aforementioned duty and thereby proximately caused injury to Plaintiff, the State is responsible, or vicariously liable, for the consequences of said breach.

25.     In consequence of the injuries suffered by Plaintiff, she is entitled to recovery of damages in an amount to be proven at trial.

### THIRD CAUSE OF ACTION
### FALSE IMPRISONMENT
### [By Plaintiff Against Defendants]

26.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs of this Complaint as though fully set forth in the pleading of this Third Cause of Action.

27.     Beginning on or around June 4, 2019, and continuing for some time afterward, Plaintiff was arrested, detained, restrained and imprisoned against her will by the Defendants.

- 7 -

Plaintiff's arrest, detention, restraint and imprisonment commenced when Defendants arrived at her home intent upon conducting their routine but unlawful weapons search. The arrest, detention, restraint and imprisonment of Plaintiff continued as she was detained, placed in handcuffs and transported to the Jail. Thereafter Plaintiff was kept in custody for hours until she was able to arrange for Bail to be posted, at a cost to her.

28.     Indirectly the results continued until Plaintiff learned several months later that no charges would be filed and until she was satisfied that there would be no ramifications on her licensure with the Sate Bar or Acupuncture Board.

29.     Said arrest, detention, restraint and imprisonment was intentional and without probable cause or legal justification and was the result of the willful intent or malice of the Defendants to unlawfully deprive Plaintiff of her liberty. Said arrest, detention, restraint and imprisonment was authorized by Defendants and subsequently ratified by other Defendants acting by and through its agents and employees as formal criminal charges were initiated and requested.

30.     As an actual and proximate result of Defendants' unlawful detention of Plaintiff against her will, Plaintiff suffered injuries, including but not limited to bodily harm, monetary expense, conscious pain and suffering, emotional distress and mental anguish. In consequence of the injuries suffered by Plaintiff, she is entitled to recovery of damages in an amount to be proven at trial.

31.     The acts of Defendants as alleged herein were intentional and malicious and warrant Plaintiff's entitlement to attorney fees and punitive damages.

**FOURTH CAUSE OF ACTION**
**BATTERY**
**[By Plaintiff Against Defendants]**

32.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs of this Complaint as though fully set forth in the pleading of this Fourth Cause of Action.

33.     On or around June 4, 2019 Plaintiff was subject to the harmful or offensive physical contact by Defendants, who executed said contact directly, through use of their own hands.

34.     The execution of the aforesaid harmful or offensive contact was the result of the

- 8 -

COMPLAINT FOR NEGLIGENCE; NEGLIGENT TRAINING & SUPERVISION; BATTERY; FALSE IMPRISONMENT; VIOLATION OF STATE & FEDERAL CONSITTUIONAL RIGHTS

1

conscious intent of the Defendants to cause said contact.

2

35.     The aforementioned harmful or offensive contact proximately caused injury to the

3

Plaintiff, including but not limited to bodily harm, economic loss, conscious pain and suffering, and

4

mental anguish.

5

36.     Because Defendants were acting in the course of his employment with Defendant

6

State of California when the harmful or offensive contact occurred, and because Defendant's

7

conduct was subsequently ratified Defendants are responsible for the consequences of that contact.

8

37.     In consequence of the harm suffered by Plaintiff, she is entitled to recover damages

9

in an amount to be proven at trial.

10

38.     The acts of Defendants as alleged herein were intentional and malicious and warrant

11

Plaintiff's entitlement to attorney fees and punitive damages.

12

### FIFTH CAUSE OF ACTION
### STATE CONSTITUTIONAL RIGHTS VIOLATIONS
### [By Plaintiff Against Defendants]

13

14

39.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs of this

15

Complaint, as well as the paragraphs comprising the Sixth Cause of Action, as though fully set

16

forth in the pleading of this Fifth Cause of Action.

17

40.     The California Constitution comprises, among other things, a series of guarantees

18

regarding the liberty of individuals. These guarantees include the Article I, Section 1 guarantee that

19

"all people are by nature free and independent and have inalienable rights," including "enjoyment

20

and defending life and liberty" and "pursuing and obtaining safety, happiness and privacy." The

21

California Constitution also contains the guarantee that "a person may not be deprived of life,

22

liberty, or property without due process of law" (Article I, Section 7), and the commitment that "the

23

right of the people to be secure in their persons, houses, papers, and effects against unreasonable

24

seizures and searches may not be violated" (Article I, Section 13). Additionally, the California

25

Constitution provides that "the defendant in a criminal case has the right to…have the assistance of

26

counsel for the defendant's defense" and that "persons may not…be compelled in a criminal case to

27

be a witness against themselves, or be deprived of life, liberty, or property without due process of

28

- 9 -

law." (Article I, Section 15). Finally, the California Constitution provides that "cruel or unusual punishment may not be inflicted…." (Article I, Section 17).

41.     The foregoing rights, though similar to those set forth in the Constitution of the United States, are not dependent on the latter. (Article I, Section 24). And while they are not dependent on similar Federal rights, those State Constitutional rights related to the protection of persons accused of crimes must, by expressed Constitutional mandate, be construed "in a manner consistent with the Constitution of the United States." The rights to be similarly construed include "the rights of a defendant…to due process of law, to the assistance of counsel…to be free from unreasonable searches and seizures, to privacy, to not be compelled to be a witness against himself…and to not suffer the imposition of cruel or unusual punishment." (Id.).

42.     The People of the State of California require its officials, as well as all officials employed in the State's municipal subdivisions, to swear an oath to support and defend the California Constitution. The People have made this requirement pursuant to Article XX, Section 3 of the California Constitution. As employees working in an executive capacity and employed by a political subdivision of the State of California, Defendants were required to, and actually did, swear the following oath: "that I will support and defend…the Constitution of the State of California against all enemies, foreign and domestic; that I will bear true and faithful allegiance to…the Constitution of the State of California; that I take this obligation freely; without any mental reservation or purpose of evasion; and that I will well and faithfully discharge the duties upon which I am about to enter."

43.     The Constitution and laws of the State of California provide an implied right of action against those who deprive persons, including Plaintiff, of their State Constitutional liberties. Additionally, the laws of the State of California, including but not limited to California Civil Code § 52.1 (b), provide a right of action for "any individual whose exercise or enjoyment of rights secured by the Constitution or laws of the United States, or rights secured by the Constitution or laws of the State, has been interfered with, or attempted to be interfered with" by the threats, intimidation, or coercion of other persons acting under color of authority.

- 10 -

COMPLAINT FOR NEGLIGENCE; NEGLIGENT TRAINING & SUPERVISION;  BATTERY; FALSE IMPRISONMENT; VIOLATION OF STATE & FEDERAL CONSTITUIONAL RIGHTS

44.     Beginning on or around June 4, 2019, Defendants willfully and maliciously violated each of the aforementioned Constitutional guarantees by subjecting Plaintiff to, among other things: (1) an invasion of his right to obtain safety, privacy and happiness; (2) the unreasonable seizure of her person and imprisonment against his will; and (3) interrogation without being informed of her right to remain silent and his right to the assistance of counsel, all of which occurred without legal justification or probable cause. Violation of Plaintiff's Constitutional rights continued as Plaintiff was subjected, at the Defendants' urging, to a baseless period of waiting to determine whether she would be subjected to prosecution for a crime she did not commit.  This baseless effort to prosecute not only constituted a fundamental violation of Plaintiff's entitlement to due process of law, but was also an attempt to impose upon her a cruel and unusual punishment.

45.     The violations of Plaintiff's Constitutional rights by Defendants occurred in the course of their employment and  were authorized and subsequently ratified by said Defendants.

46.     The violations of Plaintiff's Constitutional rights by Defendants were malicious, as well as arbitrary and shocking to the conscience, and represented and constituted violations by said Defendants of their oaths to support and defend the California Constitution.

47.     As an actual and proximate result of the violation of Plaintiff's State Constitutional rights, Plaintiff suffered injury, including but not limited to bodily harm, economic loss, emotional distress, conscious pain and suffering and mental anguish.

48.     In consequence of the harm suffered by Plaintiff, she is entitled to recover damages in an amount to be proven at trial.

49.     The acts of Defendants as alleged herein were intentional and malicious and warrant Plaintiff's entitlement to attorney fees and punitive damages.

**SIXTH CAUSE OF ACTION**
**FEDERAL CONSTITUTIONAL RIGHTS VIOLATIONS**
**[U.S. Constitution & Civil Rights Act of 1871]**
**[By Plaintiff Against Defendants]**

50.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs of this

- 11 -

1

2   Complaint as though fully set forth in the pleading of this Sixth Cause of Action.

3       51.     Section 1 of the Fourteenth Amendment to the Constitution of the United States

4   provides "[a]ll persons born or naturalized in the United States, and subject to the jurisdiction

5   thereof, are citizens of the United States and of the state wherein they reside." Section 1 of the

6   Fourteenth Amendment also provides that "[n]o state shall make or enforce any law which shall

7   abridge the privileges and immunities of citizens of the United States; nor shall any state deprive

8   any person of life, liberty, or property without due process of law; nor deny any person within its

9   jurisdiction of the equal protection of the laws."

10      52.     The Due Process Clause of the Fourteenth Amendment in essence provides that a

11  person in the United States not be subject to a loss of liberty or property without the government

12  following or upholding procedural standards and safeguards, including but not limited to notice of

13  the nature of the action directed at the person, and an opportunity for one to meaningfully oppose

14  the action. The Due Process Clause implies that fixed rules of procedures and evidence will be

15  applied in the determination of the truth of an allegation, for which probable cause to believe its

16  truth must exist prior to the initiation of the relevant legal action. Due process further implies that

17  the rules of procedure and evidence, and the courts of the land, will not be used to prosecute alleged

18  crimes known to be false and for the purpose of imposing an unjust outcome on the accused. It was

19  never the intention of the framers of the Constitution and of the Fourteenth Amendment thereto,

20  that prosecution by the government of persons for crimes which are known by the prosecutors to be

21  untrue could fall within the scope of due process. Instead, prosecution for criminal allegations

22  known by the prosecutors to be untrue is a deprivation of due process, prohibited by the Fourteenth

23  Amendment.

24      52.     Since ratification of the Fourteenth Amendment, the Supreme Court of the United

25  States has incorporated the Fourth Amendment of the Constitution of the United States into the

26  Fourteenth Amendment's Due Process Clause. (Wolf v. Colorado (1949) 338 U.S. 25, 69 S.Ct.

27  1359; Mapp v. Ohio (1961) 367 U.S. 643, 81 S.Ct. 1684). The Fourth Amendment states: "The

28  right of the people to be secure in their persons, houses, papers and effects, against unreasonable

- 12 -

searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

53.   The rights embodied in the Fourth, Fifth, Sixth and Eighth Amendments, and those comprised within the Due Process and Privileges & Immunities Clauses of the Fourteenth Amendment, are substantive rights possessed by the people of the United States, protecting them against certain kinds of adverse State Action. Those rights embodied in the Privileges & Immunities Clause are the special possession of citizens of the United States.

54.   Article VI, Section 3 of the Constitution of the United States provides, in part, that: "...all executive and judicial officers, both of the United States and of the several states, shall be bound by oath or affirmation. to support this Constitution...." As an agent of a political subdivision of the State of California working in an executive capacity, Defendants were obligated to and actually did swear the requisite and constitutionally prescribed oath.

55.   In accordance with the requirement that State executive and judicial officers swear an oath to support the Constitution of the United States, the People of the State of California have required their officials to swear an oath to support and defend the Constitution of the United States. The People have made this requirement pursuant to Article XX, Section 3 of the California Constitution. As an employee working in an executive capacity and employed by a political subdivision of the State of California, Defendants were required and actually did swear the following oath: "that I will support and defend the Constitution of the United States...against all enemies, foreign and domestic; that I will bear true and faithful allegiance to the Constitution of the United States...; that I take this obligation freely; without any mental reservation or purpose of evasion; and that I will well and faithfully discharge the duties upon which I am about to enter."

56.   Section 5 of the Fourteenth Amendment to the Constitution of the United States provides that "Congress shall have power to enforce, by appropriate legislation, the provisions of this article." In the exercise of this affirmative grant of legislative authority, Congress enacted, and President Ulysses S. Grant signed, the Civil Rights Act of 1871, also known as the Force Act or Ku

- 13 -

1

2     Klux Klan Act. Among the provisions of the Act is that Section now known as 42 U.S.C. § 1983,

3     which provides that: "Every person who under color of any statute, ordinance, regulation, custom,

4     or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected,

5     any citizen of the United States or other persons within the jurisdiction thereof to the deprivation of

6     any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the

7     party injured in an action at law, suit in equity, or other proper proceeding for redress...."

8            57.    Also among the provisions of the Civil Rights Act of 1871 is that Section now

9     known as 42 U.S.C. § 1985 (3), which provides that: "if two or more persons in any State or

10    Territory conspire or go in disguise on the highway or on the premises of another, for the purpose

11    of depriving, either directly or indirectly, any person or class of persons of the equal protection of

12    the laws, or the equal privileges and immunities under the law; or for the purposes of preventing or

13    hindering the constituted authorities of any State or Territory from giving or securing to all persons

14    within such State or Territory the equal protection of laws....; in any case of conspiracy set forth in

15    this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance

16    of the object of such conspiracy, whereby another is injured in his person or property, or deprived

17    of having an exercising any right or privilege of a citizen of the United States, the party so injured

18    may have an action for the recovery of damages occasioned by such injury or deprivation, against

19    any one or more of the conspirators."

20           58.    On June 4, 2019 Defendants all of whom were agents and employees of Defendant

21    State of California Department of Justice and acting under color of law, proceeded to the vicinity of

22    the private residence of the Plaintiff to conduct a search for weapons. Defendants unreasonably

23    relied on information without checking on or verifying it and then failed to confirm that

24    information. Though the intention of the Defendants was to seize the person of the suspect, and to

25    search the residence for evidence of crime, Defendants failed to obtain a warrant to do so.

26           59.    The motive of the Defendants in urging, initiating and advancing the prosecution of the

27    Plaintiff was ultimately to escape the consequences of their own careless, wrongful and unlawful acts

28    and omissions with respect to the Plaintiff, and to protect their employer, the Defendants from public

- 14 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

opprobrium, loss of public confidence, and the financial strain of a civil suit brought by the Plaintiff. In short, by attempting to imposing criminal liability on the Plaintiff, Defendants could cover up and escape the consequences of their own wrongs.

60.     Defendants seizure of Plaintiff and assisting and partaking in the prosecution of Plaintiff for a crime Plaintiff did not commit, was without probable cause and did not comply with the Fourth, Fifth, Sixth and Fourteenth Amendments, and resulted in the deprivation of Plaintiff of her liberty without due process of law and violated his privileges and immunities as a Citizen of the United States.

61.     The violation by Defendants of Plaintiff's Constitutional liberties not only lacked probable cause and legal justification but was also malicious.

62.     Defendants violation of Plaintiff's Constitutional liberties was committed in the course of said Defendant's employment by Defendant State of California Department of Justice and was subsequently ratified by the latter Defendant, acting through its agents and employees.

63.     The actions of the Defendants with the support and at the urging of other Defendants acting through its agents and employees, which caused the deprivation of Plaintiff's Constitutional rights, were arbitrary and shocking to the conscience.

64.     The previously described actions of the Defendants with the support and cooperation of the agents and employees of the other defendants contributing to and constituting the arrest and attempted prosecution of Plaintiff for violations of law constituted a conspiracy as defined by and sanctionable in accordance with U.S.C. § 1985 (3).

65.     In doing the things described in this Cause of Action, Defendants violated their oaths to defend and support the Constitution of the United States.

66.     As an actual, proximate and substantial result of the violation of Plaintiff's Constitutional liberties by Defendants, Plaintiff suffered injury, including but not limited to bodily harm, economic losses, emotional distress, conscious pain and suffering and mental anguish.

67.     In consequence of the harm suffered by Plaintiff, he is entitled to recover damages in an amount to be proven at trial.

- 15 -

68.     The acts of Defendants as alleged herein were intentional and malicious and warrant Plaintiff's entitlement to attorney fees and punitive damages.

WHEREFORE, Plaintiff prays judgment as follows:

1.     Special Damages in an amount to be proven at trial;

2.     Consequential Damages, or those damages naturally flowing from Defendants' misconduct, including, but not limited to, all out-of-pocket expenses, in an amount to be proven at trial;

3.     Economic Damages in an amount to be proven at trial;

4.     Punitive Damages due to the reckless, or wanton, or malicious motivation of Defendants when committing their wrongs against Plaintiff, in accordance with California Civil Code § 3294 (a) and other relevant laws of this State;

5.     All available pre-judgment and post-judgment interest on any damages to be recovered by Plaintiff in accordance with California Civil Code §§ 3287 and 3291 and other relevant laws of this State;

7. Attorney's fees and costs of suit, as permitted by the laws of this State and Nation, including but not limited to California Code of Civil Procedure § 1021.5 and 42 U.S.C. § 1988;

8.     And for such other and further relief as the Court deems just and proper.

DATED: June 9, 2020                    THE LAW OFFICES OF RICHARD FREEMAN


Richard W. Freeman Jr.
Attorneys for Plaintiff ELENE CHUNG

- 16 -

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA<br>CIVIL DIVISION<br>600 ADMINISTRATION DRIVE, ROOM 107-J<br>SANTA ROSA, CALIFORNIA 95403-2878<br>(707) 521-6500<br>http://www.sonoma.courts.ca.gov | (FOR COURT USE ONLY)<br><br>**ELECTRONICALLY FILED**<br>**Superior Court of California**<br>**County of Sonoma**<br>**6/9/2020 3:03 PM**<br>**Arlene D. Junior, Clerk of the Court**<br>**By: Cyndi Nguyen, Deputy Clerk** |
|---|---|
| ELENE  CHUNG          v.  STATE OF CA - Dept of Just | |
| **NOTICE OF ASSIGNMENT TO ONE JUDGE FOR ALL PURPOSES,**<br>**NOTICE OF CASE MANAGEMENT CONFERENCE,**<br>**and ORDER TO SHOW CAUSE** | Case number:<br>SCV-266488 |

**A COPY OF THIS NOTICE MUST BE SERVED WITH THE SUMMONS AND COMPLAINT
AND WITH ANY CROSS-COMPLAINT**

1. **THIS ACTION IS ASSIGNED TO HON.** ___Jennifer Dollard_____
**FOR ALL PURPOSES.**
Pursuant to California Rules of Court, Rule 2.111(7), the assigned judge's name must appear below
the number of the case and the nature of the paper on the first page of each paper presented for
filing.

2. EACH DEFENDANT MUST FILE A WRITTEN RESPONSE TO THE COMPLAINT AS REQUIRED
BY THE SUMMONS.

A Case Management Conference has been set at the time and place indicated below:

| **Date**:  October 27, 2020 | **Time**:  3:00 pm | **Courtroom**:  18 |
|---|---|---|
| **Location**: | 3055 Cleveland Ave.<br>Santa Rosa, CA 95403 | |

3. No later than 15 calendar days before the date set for the case management conference or
review, each party must file a case management statement [Judicial Council form #CM-110] and
serve it on all other parties in the case.  In lieu of each party's filing a separate case management
statement, any two or more parties may file a joint statement.

4. At the conference, counsel for each party and each self-represented party must appear personally
or by telephone [California Rules of Court, Rule 3.670(c)(2)]; must be familiar with the case; and must
be prepared to discuss and commit to the party's position on the issues listed in California Rules of
Court, Rule 3.727.

5. Pre-approved dispositions are recorded three (3) court days prior to the case management
conference.  These may be obtained by calling (707) 521-6883 or by going to
http://sonoma.courts.ca.gov/online-services/tentative-rulings.

**ORDER TO SHOW CAUSE**
To Plaintiff(s), Cross-complainants, and/or their attorneys of record:
If, on the date shown above, you are not in compliance with the requirements stated in the California
Rules of Court, rules 2.30, 3.110, and/or 3.720 through 3.771 inclusive, you must then and there
show cause why this court should not impose monetary and/or terminating sanctions in this matter.

Pursuant to California Rule of Court, rule 3.221(b), information and forms related to Alternative Dispute
Resolution are available on the Court's website at http://www.sonoma.courts.ca.gov/self-help/adr.

CV-1 [Rev. May 17, 2019]         NTC OF ASSIGNMENT OF 1 JUDGE FOR ALL PURPOSES, NTC OF CMC & OSC
CRC, Rules 3.110, 3.720-3.730; CCP§§177.5, 583.410

EXHIBIT B

1   XAVIER BECERRA
    Attorney General of California
2   JEFFREY R. VINCENT
    Supervising Deputy Attorney General
3   WILFRED FONG
    Deputy Attorney General
4   State Bar No. 154303
    1515 Clay Street, 20th Floor
5   P.O. Box 70550
    Oakland, CA  94612-0550
6    Telephone:  (510) 879-0189
     Facsimile:  (510) 622-2270
7    E-mail: Wil.Fong@doj.ca.gov
    *Attorneys for Defendant State of California, named herein as*
8   *State of California Department of Justice (Bureau of Firearms-Division of Law Enforcement)*

**ELECTRONICALLY FILED**
**Superior Court of California**
**County of Sonoma**
**10/19/2020 11:34 AM**
**Arlene D. Junior, Clerk of the Court**
**By: Jennifer Ellis, Deputy Clerk**

9

10            SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                        COUNTY OF SONOMA

12

13

14   **ELENE CHUNG**,                    Case No. SCV-266488

15                      Plaintiff,       **ANSWER BY DEFENDANT STATE OF**
                                         **CALIFORNIA TO COMPLAINT**
16             v.

17   **STATE OF CALIFORNIA DEPARTMENT**
     **OF JUSTICE (BUREAU OF FIREARMS-**
18   **DIVISION OF LAW ENFORCEMENT, et.**
     **al.**,
19
                        Defendant.
20

21

22         Defendant State of California, named herein as State of California Department of Justice

23   (Bureau of Firearms-Division of Law Enforcement), in response to the complaint on file herein

24   admits, denies, and alleges as follows:

25         Under the provisions of section 431.30 of the Code of Civil Procedure of the State of

26   California, Defendant denies generally and specifically each and every allegation contained in the

27   Complaint and the whole thereof, and specifically denies that Plaintiff has been damaged in the

28   sum or sums alleged, or in any sum or sums at all, or that Defendant or any agent or employee

                                              1

thereof, committed any wrongful act or omission which caused Plaintiff any injury or damage whatsoever.

AS SEPARATE AND AFFIRMATIVE DEFENSES, answering Defendant alleges as follows:

AFFIRMATIVE DEFENSE NO 1

The complaint and each cause of action therein fail to allege facts sufficient to constitute a cause of action.

AFFIRMATIVE DEFENSE NO. 2:

The complaint and each cause of action therein fail to allege facts sufficient to state a cause of action for interest.  (Civ. Code, §§ 3287, 3291.)

AFFIRMATIVE DEFENSE NO. 3:

The complaint and each cause of action therein are uncertain.

AFFIRMATIVE DEFENSE NO. 4:

The complaint and each cause of action therein fail to allege facts sufficient to state a claim for punitive damages.  (Gov. Code, § 818; Civ. Code, § 3294.)

AFFIRMATIVE DEFENSE NO. 5:

The complaint and each cause of action therein are barred by the two-year statute of limitations of Code of Civil Procedure section 335.1.

AFFIRMATIVE DEFENSE NO. 6:

Should any plaintiff herein recover damages, the amount thereof should be abated, apportioned and reduced to the extent that the negligence of any other person or entity caused or contributed to damages, if any there were.

AFFIRMATIVE DEFENSE NO. 7:

Any and all alleged happenings and events, damages and injuries, if any there were, were proximately caused and contributed to by the negligence of plaintiff and others, each and all of whom failed to exercise ordinary care at the times and places alleged in the complaint.

AFFIRMATIVE DEFENSE NO. 8:

Pursuant to Government Code section 985, any judgment entered herein may be reduced for

2

collateral source payments paid or obligated to be paid for services or benefits that were provided

prior to commencement of trial.

AFFIRMATIVE DEFENSE NO. 9:

This action against a public entity is barred by the failure to precede the action with a

claim as required by Gov. Code sections 905.2, 905.7, 911.2, 945.2 and 950.2.

AFFIRMATIVE DEFENSE NO. 10:

The damages alleged in the complaint herein are subject to a set-off either partially or in

full.

AFFIRMATIVE DEFENSE NO. 11:

At all relevant times, each defendant acted independently and not in association or concert

with or as agent or servant of any other defendant, including any sued herein under fictitious

names, or of the employees or agents of other defendants.

AFFIRMATIVE DEFENSE NO. 12:

This action was filed and is maintained without reasonable cause and without a good faith

belief that there is a justifiable controversy under the facts and law to warrant the filing of the

pleading.  As the proceeding arises under the California Government Claims Act or is for express

or implied indemnity or for contribution in a civil action, defendant is entitled to recover costs,

including reasonable attorneys' fees, upon prevailing on summary judgment, judgment before

presentation of defense evidence, directed verdict, or nonsuit. (Code Civ. Proc., § 1038.)

AFFIRMATIVE DEFENSE NO. 13:

Plaintiff's own conduct estops plaintiff from claiming the damages alleged in the complaint.

AFFIRMATIVE DEFENSE NO. 14:

The complaint and each cause of action therein are barred and this court is without

jurisdiction as there has been a failure to exhaust administrative remedies.

AFFIRMATIVE DEFENSE NO. 15:

The causes of action therein are subject to the statutory limitation of Civil Code section

1431, et seq., relating to joint and several liability for economic and noneconomic damages.

AFFIRMATIVE DEFENSE NO. 16:

Pursuant to Government Code sections 962 and 984, any judgment entered herein may be paid by periodic payments rather than in a lump sum.

AFFIRMATIVE DEFENSE NO. 17:

At all relevant times, plaintiff failed to mitigate injury and damages.

AFFIRMATIVE DEFENSE NO. 18:

There is no basis for imposing vicarious liability on a public entity when its employee is not liable.  Gov. Code '815.2; *Zelig* v. *County of Los Angeles*, 27 Cal.4th 1112, 1131 (2002).

AFFIRMATIVE DEFENSE NO. 19:

To the extent that the complaint herein attempts to predicate liability upon any public entity defendant or any agent or employee thereof for purported negligence in retention, hiring, employment, training, or supervision of any public employee, liability is barred by Government Code sections 815.2 and 820.2 and *Herndon* v. *County of Marin* (1972) 25 Cal.App.3d 933, 935-936, reversed on other grounds by *Sullivan* v. *County of Los Angeles* (1974) 12 Cal.3d 710; by the lack of any duty running to plaintiff(s); by the fact that any such purported act or omission is governed exclusively by statute and is outside the purview of any public employees' authority; and by the failure of any such acts or omissions to be the proximate cause of any injury alleged in the complaint.

AFFIRMATIVE DEFENSE NO. 20:

There is no respondeat superior liability for public entities under 42 U.S.C. §1983. *Monell* v. *Department of Social Services of the City of New York*, 436 U.S. 658, 690, 56 L.Ed.2d 611, 98 S.Ct. 2108 (1978).

AFFIRMATIVE DEFENSE NO. 21:

Public entities are not liable for employee torts that occur outside the scope of employment. *Hoff* v. *Vacaville Unified School District*, 19 Cal.4th 925, 932-933 (1998).

AFFIRMATIVE DEFENSE NO. 22:

Because the complaint is couched in conclusory terms, all affirmative defenses that may be applicable to the within action cannot be fully anticipated.  Accordingly, the right to assert

4

additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is reserved.

AFFIRMATIVE DEFENSE NO. 23:

The answering public entity is immune from suit pursuant to Government Code section 815 to the extent that the complaint and each cause of action therein attempt to state a cause of action not provided by statute against a public entity.

AFFIRMATIVE DEFENSE NO. 24:

There is no liability for injuries, if any there were, caused by independent contractors or third parties.  (Gov. Code, §§ 815.2, 815.4, 820.8.)

AFFIRMATIVE DEFENSE NO. 25:

Should Defendant be found liable to Plaintiff, which liability is expressly denied, any award for past medical expenses cannot exceed the amount paid by any third party to Plaintiff's medical providers as full payment for the medication services rendered.  In addition, to the extent Plaintiff's fault caused or contributed to Plaintiff's injury, any award for past medical expenses can be further reduced in accordance with the provisions of Government Code section 985.

AFFIRMATIVE DEFENSE NO. 26:

The action is barred by the failure to precede the action with a claim as required by Government Code sections 945.4, 911.2, 905.2, and 950.2.

AFFIRMATIVE DEFENSE NO. 27

The detention or arrest, if any there was, alleged in the complaint was regular and lawful and made in good faith by a peace officer or peace officers acting within the course and scope of authority and with reasonable cause to believe at the time that such action was lawful.

AFFIRMATIVE DEFENSE NO. 28:

Only reasonable force and restraint were used in the incident alleged in the complaint. There is no liability pursuant to Penal Code sections 835 and 835a and Government Code section 815.2.

AFFIRMATIVE DEFENSE NO. 29:

There was reasonable cause to make the detention or arrest, if any there was, alleged in the

5

1   complaint.

2   AFFIRMATIVE DEFENSE NO. 30:

3       At the time and place alleged in the complaint, employees of defendant were peace officers

4   acting in the course and scope of employment.  At all relevant times, said peace officers had

5   reasonable cause to believe that plaintiff had committed a public offense in an officer's presence,

6   and so believing, exercised the power, and discharged the duty, of lawful arrest.

7   AFFIRMATIVE DEFENSE NO. 31:

8       The complaint herein fails to state facts sufficient to constitute a cause of action against

9   answering defendant because there can be no recovery for a federal civil rights violation against

10  one who enjoys absolute prosecutorial immunity from suit pursuant to *Imbler* v. *Pachtman* (1976)

11  424 U.S. 409 at 431, 47 L.Ed.2d 128, 96 S.Ct. 984.

12  AFFIRMATIVE DEFENSE NO. 32:

13      Answering defendant will be entitled to reasonable attorney fees and costs of suit upon

14  prevailing within the meaning of 42 United States Code section 1988.

15  AFFIRMATIVE DEFENSE NO. 33:

16      The complaint fails to state a cause of action against answering defendant pursuant to

17  *Monell* v. *Department of Social Services of the City of New York* (1978) 436 U.S. 658, 690 [56

18  L.Ed.2d 611, 98 S.Ct. 2108] because the State of California and its agencies and departments are

19  state rather than municipal entities.

20  AFFIRMATIVE DEFENSE NO. 34:

21      Neither the State of California nor any of its departments is a "person" within the meaning

22  of the Federal Civil Rights Act, 42 United States Code section 1983 et seq.

23  AFFIRMATIVE DEFENSE NO. 35:

24      This court lacks subject matter jurisdiction over the causes of action alleged in the

25  complaint herein because the allegations do not state a cause of action for Constitutional tort, or

26  any cause of action at all.

27  AFFIRMATIVE DEFENSE NO. 36:

28      At all relevant times, defendant exercised due care and acted only in the execution or

6

1    enforcement of the law.

2    AFFIRMATIVE DEFENSE NO. 37:

3        The complaint herein fails to state facts sufficient to constitute a cause of action in that

4    simple negligence is not a federal civil rights violation. (*Daniels* v. *Williams* (1986) 474 U.S. 327

5    [88 L.Ed.2d 662, 106 S.Ct. 662].)

6    AFFIRMATIVE DEFENSE NO. 38:

7        The complaint fails to state a cause of action for violation of civil rights, as any deprivation

8    of civil rights alleged in the complaint was not without due process of law.

9    AFFIRMATIVE DEFENSE NO. 39:

10       Answering defendant has not deprived any person of any right, privilege or immunity

11   guaranteed by the Constitution or laws of the United States.  There has been no deprivation of any

12   right, privilege or immunity guaranteed by the laws or Constitution of the United States.

13   AFFIRMATIVE DEFENSE NO. 40:

14       There is no imputed liability between public officers in actions under the Federal Civil

15   Rights Act.

16   AFFIRMATIVE DEFENSE NO. 41:

17       There is no imputed liability between a public officer and the employing public entity in

18   actions under the Federal Civil Rights Act.

19   AFFIRMATIVE DEFENSE NO. 42:

20       All acts of defendant, if any there were, occurred in the proper exercise of police powers

21   without malice or intent to deprive any person of any right arising under the Constitution or laws

22   of the United States, or to do any person any other injury.

23   AFFIRMATIVE DEFENSE NO. 43:

24       The claim for punitive damages against public entities such as the State of California is not

25   permitted.  (*City of Newport* v. *Fact Concerts* (1981) 453 U.S. 247, 271 [69 L.Ed.2d 616, 101

26   S.Ct. 2748]; Gov. Code, ' 818.)

27   AFFIRMATIVE DEFENSE NO. 44:

28       To the extent that the complaint herein seeks recovery on any common law tort theory, any

liability for common law tort must be diminished in proportion to the amount of fault attributable to plaintiff and others.

AFFIRMATIVE DEFENSE NO. 45:

Answering defendant is entitled to qualified and official and quasi-judicial immunity. Defendant acted at all times herein relevant in good faith, with due care, within the scope of discretion, and pursuant to laws, regulations, rules, and practices reasonably believed to be in accordance with the Constitution and laws of the United States.  There is no liability pursuant to the Federal Civil Rights Act where one acts in good faith and entertains an honest, reasonable belief that one's actions are in accord with the clearly-established law.  (*Harlow* v. *Fitzgerald* (1982) 457 U.S. 800, 818 [73 L.Ed.2d 396, 102 S.Ct. 2727].)

AFFIRMATIVE DEFENSE NO. 46:

Insofar as defendant has approved or reviewed determinations and actions of any subordinate, such review and approval was done in a legislative, judicial, or quasi-judicial capacity, within the scope of discretion, with due care, and with a reasonable and good faith belief that such actions were in accordance with the Constitution and laws of the United States.

AFFIRMATIVE DEFENSE NO. 47:

There is no liability for any injury or damages, if any there were, resulting from an exercise of discretion vested in a public employee, whether or not such discretion be abused.  (Gov. Code, §§ 815.2, 820.2.)

AFFIRMATIVE DEFENSE NO. 48:

There is no liability in that the acts alleged in the complaint, if done at all, were done in the execution and enforcement of the law while exercising due care.  (Gov. Code, §§ 815.2, 820.4.)

AFFIRMATIVE DEFENSE NO. 49:

Qualified immunity protects governmental officials performing discretionary functions from liability when their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.  *Harlow* v. *Fitzgerald* (1982) 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982).

1  AFFIRMATIVE DEFENSE NO. 50:

2      There is no liability for injury or damages, if any there were, caused by the instituting or

3  prosecuting of any judicial or administrative proceeding.  (Gov. Code, §§ 815.2, 821.6.)

4  AFFIRMATIVE DEFENSE NO. 51:

5      There is no liability for any injury or damages, if any there were, resulting from failure to

6  discharge any mandatory duties as reasonable diligence was exercised to discharge any duty there

7  may have been.  (Gov. Code, § 815.6.)

8      AFFIRMATIVE DEFENSE NO. 52:

9      Public entities are immune from suit when their employees are immune from suit.  (Gov.

10  Code, § 815.2.)

11      WHEREFORE, Defendant prays that:

12      1.  Judgment be rendered in favor of Defendant and against Plaintiff; and

13      2.  Plaintiff take nothing by the Complaint; and

14      3.  Defendant be awarded costs of suit incurred herein; and

15      4.  Defendant be awarded such other and further relief as the Court may deem necessary

16  and proper.

17   Dated:  October 19, 2020                    Respectfully Submitted,

18                                               XAVIER BECERRA
                                                 Attorney General of California
19                                               JEFFREY R. VINCENT
                                                 Supervising Deputy Attorney General
20

21

22                                               _____/s/ Wil Fong_____
                                                 WIL FONG
23                                               Deputy Attorney General
                                                 *Attorneys for Defendant State of California*
24

25

26  OK2020900401
    91304219.docx
27

28

9

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **Elene Chung v State of California Department of Justice Bureau of Firearms, et al.**
No.:   **Superior Court of California, County of Sonoma, Case No.  SCV-266488**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made.  I am 18 years of age or older and not a party to this matter.  I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service.  In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

On October 19, 2020, I served the attached **ANSWER BY DEFENDANT STATE OF CALIFORNIA TO COMPLAINT** by placing a true copy thereof enclosed in a sealed envelope in the internal mail collection system at the Office of the Attorney General at 1515 Clay Street, 20th Floor, Oakland, CA  94612-0550, addressed as follows:

Richard W. Freeman
Law Offices of Richard W. Freeman Jr.
703 Second St., Ste. 350
Santa Rosa, CA  95404-6525
*Attorney for Plaintiff*
*Elena Chung*

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on October 19, 2020, at Oakland, California.

| Teri Dueñas | *Teri Dueñas* |
|---|---|
| Declarant | Signature |

OK2020900401
91305973.docx

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:  **Elene Chung v State of California Department of Justice Bureau of Firearms, et al.**

No.:  **United States District Court, Northern District of California, Case No. _____**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made.  I am 18 years of age or older and not a party to this matter.  I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service.  In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

On <u>November 3, 2020</u>, I served the attached **CIVIL COVER SHEET and NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(a) (FEDERAL QUESTION)** by placing a true copy thereof enclosed in a sealed envelope in the internal mail collection system at the Office of the Attorney General at 1515 Clay Street, 20th Floor, Oakland, CA  94612-0550, addressed as follows:

Richard W. Freeman
Law Offices of Richard W. Freeman Jr.
703 Second St., Ste. 350
Santa Rosa, CA  95404-6525
***Attorney for Plaintiff***
***Elena Chung***

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on November 3, 2020, at Oakland, California.

| Teri Dueñas | /s/ *Teri Dueñas* |
|:---:|:---:|
| Declarant | Signature |

OK2020900401
91312382.docx